UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CR 02-541-GAF | Date May 1, 2008 |

Present: The Honorable **GARY ALLEN FEESS**

Interpreter   None

| Michele Murray | None | Ellyn M. Lindsay |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Imre Smida | | √ | | 1) George L. Steele | | √ | |
| 2) Guy Deland | | √ | | 2) Gregory Nicolaysen | | √ | |
| 3) David Deland | | √ | | 3) John Neil McNicholas | | √ | |
| 4) Brian Brunton-Guerard | | √ | | 4) Larry M. Bakman | | √ | |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO SUPPRESS

Defendants in this case have moved to suppress evidence obtained from and as a result of a Canadian wiretap authorized by Claude Parent, Judge of the Court of Quebec. The Court has read and considered the moving, opposition and reply papers, the authorities therein, and the testimony elicited at the hearing on this motion and the argument of counsel at the hearing. The Court also permitted Defendant Brunton-Guerard to submit a supplemental filing, which the Court has also considered. Based on all of the foregoing, the motion is **DENIED.**

First, the defendants lack standing to assert the Fourth Amendment because they are all Canadian citizens who challenge the actions of the Canadian government. United States v. Verdugo-Urquidez, 494 U.S. 259, 274-75 (1990). In Verdugo-Urquidez, the Supreme Court wrote:

> We think that the text of the Fourth Amendment, its history, and our cases discussing the application of the Constitution to aliens and extraterritorially require rejection of respondent's claim. At the time of the search, he was a citizen and resident of Mexico with no voluntary attachment to the United States, and the place searched was located in Mexico. Under these circumstances, the Fourth Amendment has no application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

Id. Likewise, Title III has no extraterritorial effect and ordinarily would not apply to wiretaps authorized in foreign countries involving the activities of their citizens. United States v. Barona, 56 F. 3d 1087, 1090-91 (9th Cir. 1995).

Second, even assuming that defendants had standing to challenge the foreign wiretap, the exclusionary rule would apply only in two circumstances: (1) United States and foreign law enforcement officials were involved in a "joint venture" and the search was unreasonable under foreign law; or (2) the circumstances of the foreign search and seizure were so extreme that they "shock the conscience." Barona, 56 F. 3d, at 1090-91. Moreover, even if the search were found to be unreasonable under foreign law, the good faith exception to the exclusionary rule comes into play and precludes exclusion where the searching agents acted in reasonable reliance on a foreign court's order. United States v. Peterson, 812 F. 2d 486, 491-92 (9th Cir. 1987).

Here the use of a wiretap was obtained through a court order and the circumstances of the interceptions do not shock the conscience.[1] Moreover, having received affidavits from the government and having considered the testimony of one of the two Canadian officers involved in the investigation of the defendants (and the transcript of the grand jury testimony of the other officer), the Court finds that Canadian officials independently obtained the wiretap, that it was not obtained at the request of any American law enforcement official.[2]

The Court acknowledges that the record reflects that Canadian officials had received information regarding the possible illegal activities of defendants as early as 1996, that they had received complaints from American victims before 1998 and that they worked in cooperation with American officials in a general way regarding the problem of Canadian-based telemarketing schemes. However, the record plainly establishes that no official investigation of the present defendants commenced until 1998, that the investigation that was launched involved only Canadian officials prior to 1999, and that the investigation was commenced not on the basis of complaints from the United States but rather on the basis of information provided by former employees of the company. Thereafter, the wiretap at issue was obtained in 1998 by Canadian officials entirely on their own initiative. Accordingly, while there may have been some sharing of information with U.S. officials before the wiretap was authorized, no joint venture existed between Canadian and American officials in connection with the investigation.

---

[1] Defendants argue that no order was issued by the Canadian court in response to the wiretap application. This is a frivolous contention. The documents supplied by the Government plainly include an order of interception signed by a Canadian judge. The contention that the judge's order is merely part of the Government's application for permission to wiretap finds no support in either the facts or the law.

[2] Defendant suggests that the grand jury testimony of RCMP Sgt. Gaetan Paul is not consistent with the testimony of witnesses Robert Clement and Julie Halferty at the hearing on the motion to suppress. The Court reviewed the grand jury transcript and finds no inconsistency. See, e.g., Government's Response to Supplemental Filing etc., at 3-4. Accordingly, the Court sees no need for a further hearing in this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

Moreover, the Court finds no evidence that the Canadian judge did not comply with Canadian law, but that even if he did not, the relevant evidence was seized in good faith reliance on an order of the Canadian court.

For the foregoing reasons, the Court concludes that the exclusionary rule does not apply in this case. The motion to suppress evidence obtained through the Canadian wiretap is **DENIED.**

IT IS SO ORDERED.